COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400

Daniel G. Dowd (012115)
Email: ddowd@CDQLaw.com
Rebecca van Doren (019379)
Email: rvandoren@CDQLaw.com
Lauren Koloseike (029860)
Email: lkoloseike@CDQLaw.com
   Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Charles Cornfield, Benjamin Robert Flynn, Alexander J. Goodwin, Bernard Linser, Matthew Mansfield, Patrick Murphy, William J. O'Hayer, and Matthew V. Parker,<br><br>Plaintiffs,<br><br>vs.<br><br>Arizona Board of Regents, a body politic and agency of the State of Arizona, Michael Thompson, James Hardina, and Louis Scichilone,<br><br>Defendants. | Case No: 2:16-cv-00924-PHX-ROS<br><br>**MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Roslyn O. Silver)<br><br>**Oral Argument Requested** |

Defendants Michael Thompson, James Hardina, and Louis Scichilone (collectively, the "Individual Defendants") and the Arizona Board of Regents ("ABOR") respectfully request that the Court dismiss with prejudice the claims that Plaintiffs Charles Cornfield, Benjamin Flynn, Bernard Linser, Patrick Murphy, William O'Hayer, Matthew Parker, Matthew Mansfield, and Alexander Goodwin have attempted to assert in their Third Amended Complaint.

On July 21, 2016, this Court dismissed Plaintiffs' Second Amended Complaint, finding that rather than stating viable claims, the pleading was a "disconnected" litany of seemingly every problem Plaintiffs experienced in their jobs over the past 15 years. The

Court granted dismissal because, *inter alia*, Plaintiffs' allegations were impossibly vague, their claims against ABOR were barred by sovereign immunity, and the few facts alleged failed to state a claim against the Individual Defendants. [Order dated July 21, 2016 (Doc. 21) ("Order"), pp. 2-9.] In granting leave to amend, the Court cautioned that "should they choose to amend, [Plaintiffs] must provide substantially more information regarding the actions taken by each Defendant that harmed each Plaintiff. Moreover, Plaintiffs should consider whether certain theories … are legally viable." [Order, pp. 10-11.] The Court further cautioned Plaintiffs that "[t]he amended complaint must be a substantial improvement for Plaintiffs to have hope of proceeding." [Order, p. 12.]

Plaintiffs' Third Amended Complaint ("TAC") – their fourth effort to file a cognizable lawsuit – is as deficient as its three predecessors. Plaintiffs have abandoned many of the allegations from their prior pleadings and replaced them with new allegations that, while possibly less confusing, are equally flawed:

**Count 1: Cornfield v. ABOR - age discrimination under state law (TAC ¶¶ 16-19)[1]**

- Violates Court's Order dismissing state law claims with prejudice;
- Supplemental jurisdiction not appropriate for this claim;
- Precluded by Cornfield's failure to serve a notice of claim;
- Facts alleged do not support constructive discharge.

**Counts 2, 3, 5: Cornfield, Flynn, Linser v. Thompson - First Amendment retaliation (free speech) (TAC ¶¶ 20-25)**

- No adverse employment action alleged;
- Injunctive and declaratory relief not available.

**Counts 4, 6: Mansfield, Goodwin v. Thompson - First Amendment (religion) (TAC ¶¶ 37-47)**

- Cannot use § 1983 to redress rights protected under Title VII;

---

[1] We identify for the Court the paragraph numbers that appear to support each of the asserted claims, as the Third Amended Complaint does not do so.

2

- Allegations insufficient to show impairment of free exercise of religion or law or policy favoring a particular religion;
- Injunctive and declaratory relief not available.

**Count 7: Murphy v. Thompson, Hardina - First Amendment (free speech) (TAC ¶¶ 9-12)**

- No adverse employment action alleged;
- No protected speech;
- No plausible connection between alleged speech and wrongful conduct.

**Count 8: O'Hayer v. ABOR - disability discrimination (TAC ¶¶ 13-15)**

- Time-barred on its face;
- No connection between alleged wrongful conduct and disability or accommodations;
- No adverse employment decision;
- Request for injunctive relief mooted by O'Hayer's retirement.

**Count 9: Parker v. Scichilone, Thompson - First Amendment retaliation (free speech, freedom of association) (TAC ¶¶ 25-36)**

- No connection between First Amendment activity and alleged wrongful conduct;
- No allegation against Defendant Thompson;
- Injunctive and declaratory relief not available.

**Count 10: Parker v. ABOR - Violation of Arizona Public Records Act (TAC ¶¶ 31-36)**

- Procedurally improper;
- Damages precluded by Parker's failure to serve a notice of claim;
- Supplemental jurisdiction not appropriate for this claim.

The Third Amended Complaint does not fix the fatal flaws detailed in the Court's Order. This action should be dismissed with prejudice to put an end to the disgruntled Plaintiffs' attempt to use the federal courts to carry out their well-chronicled and vexatious

3

attack on the Arizona State University Police Department ("ASU PD").

**MEMORANDUM**

I. <u>**Applicable Legal Standard**</u>.

In dismissing the Second Amended Complaint, this Court relied on *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which holds that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (Quotation omitted). *Iqbal* further provides that a claim is only considered plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Ninth Circuit has further explained that dismissal under Fed. R. Civ. P. 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Applying these standards here, Plaintiffs' Third Amended Complaint fails.

II. <u>**The Third Amended Complaint Fails to State Plausible Claims**</u>.

Similar to its predecessors, Plaintiffs' Third Amended Complaint largely consists of Plaintiffs' grievances regarding how they were allegedly treated during, or after, their employment with the ASU PD. Plaintiffs cannot transform these work complaints into Section 1983 or related claims. Below we first demonstrate that to the extent Plaintiffs seek injunctive or declaratory relief, most of the claims are moot for lack of an active controversy. We then review the dispositive deficiencies in each of the specific claims.

**A. Plaintiffs Cornfield, Linser, Flynn, Mansfield, Goodwin, Parker and O'Hayer Lack Standing to Seek Prospective Injunctive or Declaratory Relief.**

As a remedy for Counts 2 through 6, 8 and 9, Plaintiffs seek injunctive (sometimes called "prospective injunctive") and/or declaratory relief that is not available on the claims alleged. [TAC, pp. 16-18.][2] To obtain injunctive relief, Plaintiffs must demonstrate both: (1)

---

[2] Plaintiffs do not, likely because they cannot, explain in the Third Amended Complaint the specific injunctive or declaratory remedies sought. Seven of the nine Plaintiffs no longer work for the ASU PD and none of them specifically seek reinstatement in the Third Amended Complaint.

4

that they have suffered or are threatened with a "concrete and particularized" legal harm; and (2) a sufficient likelihood that Plaintiffs will again be wronged in a similar way. *See Kaufman v. City of San Francisco*, 434 F. App'x 583, 585 (9th Cir. 2011) (holding that plaintiff lacked standing to seek prospective injunctive relief on claim under 42 U.S.C. § 1983 because "he did not demonstrate that he 'is threatened with a concrete and particularized legal harm ... [and] a sufficient likelihood that he will again be wronged in a similar way'") (*quoting Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)) (alterations in original).

To establish standing to seek declaratory relief, Plaintiffs must show a "substantial likelihood" that the relief sought would redress the injury. *See Mayfield v. United States*, 599 F.3d 964, 971 (9th Cir. 2010). Absent a showing that the declaratory relief would preclude the reoccurrence of the allegedly wrongful conduct, the relief is not available in a Section 1983 action. *See Gest v. Bradbury*, 443 F.3d 1177, 1182 (9th Cir. 2006) (affirming dismissal of § 1983 claim seeking declaration that Secretary of State improperly applied "unwritten rules" for circulator certifications because plaintiffs made no showing that such rules would be applied in the future). *See also Ross v. Alaska*, 189 F.3d 1107, 1114 (9th Cir. 1999) (holding that where declaratory relief is sought, "the relevant inquiry is whether there is a 'substantial controversy … of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (*quoting Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991)). Declaratory relief may not be used to address allegations of past harm. *See Marn v. McCully Associates*, No. 14-15169, 2016 WL 4151230, at *1 (9th Cir. Aug. 5, 2016) (dismissing appeal from denial of request for declaratory relief on § 1983 claim as moot, holding that court could not provide "any effective relief" by declaring that defendants' actions violated due process). *See also Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008) ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act.").

The allegations underlying Counts 2 through 6, 8 and 9 do not support a request for injunctive or declaratory relief. For example, Counts 2, 3 and 5 arise out of the allegation that Plaintiffs Cornfield, Linser and Flynn were improperly subjected to one-time

5

investigations that occurred in 2014 and 2015. [TAC, ¶¶ 20-25.] In Counts 4 and 6, Plaintiffs Goodwin and Mansfield assert claims arising out of conversations with Defendant Thompson that allegedly occurred months or years ago. [TAC, ¶¶ 42, 46.] In Count 8, Plaintiff O'Hayer specifically alleges that he retired because of his disability in June 2014. [TAC, ¶ 14.] And, in Count 9, Plaintiff Parker alleges a single incident of retaliation that occurred following his voluntary departure from the ASU PD. None of these Plaintiffs have alleged ongoing wrongful conduct or an active dispute that could even potentially be remedied by an injunction or a declaration from the Court. Accordingly, there is no actual or ongoing threat of harm that could be redressed by the relief requested. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S. Ct. 1660, 1667 (1983) (affirming dismissal in § 1983 action of request for injunction barring the police use of chokehold where plaintiff did not demonstrate that he was likely to be subjected to a police chokehold in the future); *Brinsdon v. McAllen Indep. Sch. Dist.*, No. 15-40160, 2016 WL 4204797, at *3 (5th Cir. Aug. 9, 2016) (dismissing declaratory and injunctive relief sought on § 1983 action arising from school assignment on grounds that student had graduated, noting that "[a] claim is moot when a case or controversy no longer exists between the parties"). As Plaintiffs "lack a legally cognizable interest in the outcome" of these claims, they must be dismissed as moot. *See Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) (holding that district court should have dismissed declaratory and injunctive relief claims as moot because they were not "capable of repetition with respect to those individuals"). As Claims 2-6 and 9 seek only injunctive and/or declaratory relief, those claims must be dismissed in their entirety.

**B. Count 1: Plaintiff Cornfield Fails to State a Plausible Age Discrimination Claim Against ABOR and Failed to Serve the Required Notice of Claim.[3]**

In the Second Amended Complaint, Plaintiff Cornfield asserted an age discrimination claim under both state and federal law. This Court dismissed the state law claim as barred by Plaintiffs' failure to serve the notice of claim required by A.R.S. § 12-821.01, specifically

---

[3] In the Second Amended Complaint, Cornfield asserted his age discrimination claim both under state law and the federal Age Discrimination in Employment Act ("ADEA"). Cornfield has dropped the ADEA claim.

6

stating that the dismissal was with prejudice and without leave to amend. [Order, p. 4 ("Plaintiffs' state law claims will be dismissed without leave to amend.").] Despite this clear instruction, Plaintiff Cornfield has reasserted his state law age discrimination claim, erroneously hoping that he can elude the Court's prior dismissal by seeking only "injunctive relief." [*See* Third Amended Complaint (Doc. 24) ("TAC"), p. 16.] Cornfield is mistaken.

First, this Court's decision to deny Cornfield leave to amend his state law claim was well within its discretion, particularly where Cornfield had already made three attempts to file a colorable age discrimination claim. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Cornfield directly violated the Court's July 21 Order by reasserting a claim that was dismissed with prejudice. The analysis can end here.

Second, as Cornfield's claim now arises solely out of state law, this Court may consider it only if it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). None of the facts alleged in support of Cornfield's age discrimination relate in any manner to either his claim under 42 U.S.C. § 1983 or the claims asserted by the other plaintiffs. *Stremor Corp. v. Wirtz*, No. CV-14-01230-PHX-NVW, 2014 WL 6872891, at *2 (D. Ariz. Dec. 4, 2014). Cornfield's Section 1983 claim arises from his allegation that Defendant Thompson arranged for the Arizona Department of Public Safety ("DPS") to target Cornfield and other Plaintiffs with an investigation in retaliation for their "perceived" exercise of free speech rights. [TAC, ¶¶ 20-25.] His age discrimination claim, in contrast, alleges constructive discharge based on three isolated incidents, which do not include the DPS investigation. [TAC, ¶¶ 18-19.] Accordingly, this Court does not have supplemental jurisdiction over the age discrimination claim, and it should be dismissed. *See Stremor Corp. v. Wirtz*, No. CV-14-01230-PHX-NVW, 2014 WL 6872891, at *2 (D. Ariz. Dec. 4, 2014) (dismissing state law claim where it did not "share a 'common nucleus of operative fact'" with federal law claim and thus did not "form part of the same case or controversy

7

necessary for supplemental jurisdiction").

Moreover, Cornfield's demand for injunctive relief pursuant to A.R.S. § 41-1481(G) does not save his age discrimination claim from the notice of claim requirements set forth in A.R.S. § 12-821.01. A.R.S. § 41-1481(G) provides, in pertinent part:

> G. If the court finds that the defendant has intentionally engaged in or is intentionally engaging in an unlawful employment practice alleged in the complaint, the court may enjoin the defendant from engaging in such unlawful employment practice and **order such affirmative action as may be appropriate.** Affirmative action may include, but is not limited to, reinstatement or hiring of employees with or without **back pay payable by the employer**, … or any other equitable relief as the court deems appropriate.

(Emphasis added). The Arizona Court of Appeals has held that where the injunctive relief requested requires the expenditure of funds, it is construed in the same manner as a claim for damages, and thus, the notice of claim requirement applies. *See Arpaio v. Maricopa Cty. Bd. of Supervisors*, 225 Ariz. 358, 362, ¶ 12, 238 P.3d 626, 630 (Ct. App. 2010). In *Arpaio*, the plaintiff sought declaratory and injunctive relief requiring the State to replenish monies that had been diverted from a special fund established for use by county officials. The court held that "[u]nder these circumstances, it seems logical to treat the Sheriff's contention as the equivalent of a damages claim, seeking recovery of funds he argues were inappropriately taken. Accordingly, such a claim is also subject to the notice of claim statute, and the time for filing that claim has long since passed." *Id.* Here, as in *Arpaio*, the remedy Plaintiff Cornfield seeks could, if granted, require the expenditure of funds. Therefore, the age discrimination claim is barred by Plaintiff Cornfield's admitted failure to serve a notice of claim. [*See* Order, p. 4.]⁴

---

⁴ Cornfield's allegation that he filed a charge with the Arizona Civil Rights Division ("ACRD") on June 12, 2015 does not salvage this claim from dismissal for failure to serve a timely notice of claim. A.R.S. § 12-821.01(A) requires "[p]ersons who have claims against a public entity, public school or a public employee [to] file claims with the person or persons authorized to accept service for the public entity, public school or public employee." Strict compliance with these provisions is required. *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62, ¶ 23, 234 P.3d 623, 630 (Ct. App. 2010) (rejecting plaintiff's contention that he "substantially complied" with A.R.S. § 12-821.01). *See also Adams v. Shuttleport Arizona Joint Venture*, No. CV07-2170-PHX-JAT, 2008 WL 3843585, at *3 (D. Ariz. Aug. 14, 2008) (dismissing discrimination complaint where plaintiff failed to file timely notice of claim after filing multiple charges with the ACRD).

8

Finally, Plaintiff Cornfield has not alleged facts sufficient to plead a plausible age discrimination claim. Plaintiff Cornfield contends only that he was "constructively discharged" because he suffered "hostility at the ASU PD based upon his age." [TAC, ¶ 18.] Under Arizona law, a *prima facie* claim of age discrimination by constructive discharge requires the employee to prove that his "employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." *West v. Salt River Agr. Imp. & Power Dist.*, 179 Ariz. 619, 625, 880 P.2d 1165, 1171 (Ct. App. 1994) (*quoting Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 467 (10th Cir. 1990)). *See also Thomas v. Douglas*, 877 F.2d 1428, 1434 (9th Cir. 1989) ("[T]o establish that he was constructively discharged, a plaintiff must at least show some aggravating factors, such as a continuous pattern of discriminatory treatment.") (quotations omitted).

The allegations in the Third Amended Complaint do not meet this standard. Plaintiff Cornfield asks the Court to accept that he felt "compelled to resign" because: (1) he was denied the use of a Segway[5]; (2) he was told by unnamed "superiors" that he should plan for retirement; and (3) he was kept on medical leave longer than necessary. [*Id.*] Cornfield never explains how these three isolated incidents are sufficient to support a constructive discharge claim based on age discrimination. To borrow this Court's words from the Order, "[a]bsent additional allegations it is not plausible" that the alleged events constituted an unlawful constructive discharge. [*See* Order, p. 9.][6]

### C. Counts 2, 3 and 5: Plaintiffs Cornfield, Linser and Flynn Fail to State Plausible First Amendment Retaliation Claims Against Defendant Thompson.

The Ninth Circuit has held that to state a claim under 42 U.S.C. § 1983 for violation of the First Amendment, an employee must show (1) that he engaged in protected speech; (2) that the employer took an adverse employment action against the employee; and (3) that

---

[5] Plaintiff Cornfield omitted from the Third Amended Complaint the fact that he had an accident while riding the Segway, a fact he admitted in the Second Amended Complaint. [Doc. 10, ¶ 87.]

[6] Cornfield seeks injunctive relief as the sole remedy for his age discrimination claim. [TAC, p. 16]. However, he has never asked that his employment be reinstated. Indeed, in each of the prior pleadings, Cornfield sought only damages. [*See, e.g.*, Doc. 10, ¶ 201.]

the speech was a "substantial or motivating" factor for the adverse action. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). The Section 1983 claims in Counts 2, 3 and 5 are based on the contention that Defendant Thompson retaliated against Plaintiffs Cornfield, Linser and Flynn for their "perceived" exercise of their free speech rights. Specifically, Plaintiffs allege the existence of an internet blog that was critical of the ASU PD [TAC, ¶¶ 20-22], that Defendant Thompson "arranged for" the Arizona Department of Public Safety to conduct investigations to determine whether Cornfield, Linser or Flynn contributed to the blog [TAC, ¶ 23], and that the investigations somehow harmed these Plaintiffs by causing them "emotional distress" and "chilling" their free speech rights. [TAC, ¶¶ 24-25.]

These claims fail because Plaintiffs do not allege that the investigations resulted in any disciplinary actions against them. Accordingly, Plaintiffs have not pleaded the "adverse employment action" required to state a First Amendment retaliation claim. *See, e.g.*, *Higdon v. Mabus*, 5 F. Supp. 3d 1199, 1212 (S.D. Cal. 2014) ("An investigation by an employer, without disciplinary action, does not constitute an adverse employment action."); *Vandesande v. Miami-Dade Cty.*, 431 F. Supp. 2d 1245, 1254 (S.D. Fla. 2006) ("An internal investigation is not an adverse employment action when it does not result in a significant change in employment status, such as termination, demotion, failure to promote, significant reassignment or a significant change in benefits."); *Anemone v. Metro. Transp. Auth.*, 410 F. Supp. 2d 255, 266 (S.D.N.Y. 2006) ("[I]nvestigations and threats of disciplinary action are generally not, standing alone, sufficient to plead an adverse employment action."). Absent facts alleging this critical element of a First Amendment retaliation claim, Counts 2, 3, and 5 fail.

**D. Counts 4 and 6: Plaintiffs Mansfield and Goodwin Fail to State Plausible Religion-Based First Amendment Claims Against Defendant Thompson.[7]**

To allege a Section 1983 claims based on an alleged violation of a plaintiff's free

---
[7] The Third Amended Complaint does not specifically state whether it is alleging a violation of the Free Exercise Clause or the Establishment Clause of the First Amendment. Accordingly, and as Plaintiffs referenced the Establishment Clause in their Response to Defendants' prior Motion to Dismiss (*see* Doc. 17, p. 9), Defendants demonstrate that Plaintiffs have not stated a claim under either clause.

10

exercise of religion rights under the First Amendment, the plaintiff must show that "the challenged conduct resulted in an impairment of the plaintiff's free exercise of genuinely held beliefs." *Williams v. California*, 990 F. Supp. 2d 1009, 1020 (C.D. Cal. 2012), *aff'd*, 764 F.3d 1002 (9th Cir. 2014). The Establishment Clause applies to a "law or official policy" that tends to favor a particular religion or religious faith. *See Newdow v. Lefevre*, 598 F.3d 638, 643 (9th Cir. 2010). "This clause applies not only to official condonement of a particular religion or religious belief, but also to official disapproval or hostility towards religion." *Am. Family Ass'n, Inc. v. City & Cty. of San Francisco*, 277 F.3d 1114, 1120–21 (9th Cir. 2002).

Applying these standards, this Court dismissed the religion-based Section 1983 claims that Mansfield and Goodwin asserted in the Second Amended Complaint, stating:

> Neither the complaint nor the opposition to the motion to dismiss explains how this interaction between Mansfield and Thompson is sufficient to support an establishment of religion claim. Absent additional allegations, it is not plausible Thompson's statement "constitute[d] an unconstitutional endorsement of one religion over another." Similarly, it is unclear how Thompson's statement, standing alone, could have "resulted in an impairment of [Plaintiff Mansfield's] free exercise of genuinely held beliefs."

[Order, p. 9.] Mansfield and Goodwin have reasserted their religion claims under 42 U.S.C. § 1983, but now cite 42 U.S.C. 2000e-2(a) and 42 U.S.C. 2000e-3(a), which are sections of Title VII of the Civil Rights Act of 1964, apparently as the source of the rights that they are claiming were violated. [TAC, ¶¶ 45, 47.] However, the Ninth Circuit has unambiguously held that "[v]iolation of rights created by Title VII cannot form the basis of section 1983 claims." *Learned v. City of Bellevue*, 860 F.2d 928, 933 (9th Cir. 1988). On that basis alone, the claims should be dismissed.[8]

---

[8] Similarly, Mansfield and Goodwin cannot now state viable Title VII claims for religious discrimination. Title VII requires plaintiffs to first exhaust administrative remedies by timely filing a charge with the Equal Employment Opportunity Commission ("EEOC") before filing suit, which Plaintiffs Mansfield and Goodwin have not done. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) ("Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge."). Plaintiffs' failure to exhaust administrative remedies deprives the Court of jurisdiction over a Title VII claim. *See Loos v. Lowe's HIW, Inc.*, 796 F. Supp. 2d 1013, 1019 (D. Ariz. 2011) ("The Court therefore finds that Plaintiff did not exhaust her retaliation claim at the administrative level

Moreover, the claims remain factually deficient. Plaintiff Goodwin's allegations in the Third Amended Complaint are the same as those previously pleaded and that this Court previously dismissed. Goodwin alleges that he was terminated two weeks after Defendant Thompson asked Goodwin if he wanted to learn more about the Mormon religion, and Goodwin declined. [TAC, ¶ 46. *See also* Doc. 10, ¶ 113.] As before, Goodwin has not alleged a plausible connection between the two events or facts to support that the termination was retaliatory in nature. Similarly, Plaintiff Mansfield alleges that he was disciplined following Defendant Thompson's alleged references to his own Mormon faith, but does not allege facts to support that the discipline was in retaliation for Mansfield's rejection of Thompson's statements. *See Krug v. Maricopa Cty. Superior Court*, No. 2:14-CV-01320 JWS, 2014 WL 6983092, at *3 (D. Ariz. Dec. 10, 2014) ("The mere fact that Krug was terminated around the same time as her allegedly protected speech does not sufficiently allege plausible retaliation."). Indeed, most of the discipline that Mansfield cites is not even attributed to Thompson. [*See* TAC, ¶ 43(B)-(D).] The facts alleged do not permit a plausible conclusion that Defendant Thompson's actions impeded Mansfield's or Goodwin's Plaintiffs' ability to exercise genuinely held beliefs or constituted a "law or official policy" favoring a particular faith.[9]

### E. Count 7: Plaintiff Murphy Fails to State a Plausible Claim Against Defendants Thompson and Hardina for First Amendment Retaliation.

As set forth above, a First Amendment retaliation claim requires allegations that the employee engaged in protected speech, suffered an adverse employment action, and that the speech was a "substantial or motivating" factor for the adverse action. *Coszalter*, 320 F.3d at 973. Plaintiff Murphy's allegations do not satisfy this test. Murphy contends that when he retired from the ASU PD, Defendants Thompson and Hardina declined his request to purchase his service weapon in alleged violation of A.R.S. § 38-1115, and that the refusal

---

and will dismiss her retaliation claims under Title VII and ACRA for lack of subject matter jurisdiction.").

[9] Both Mansfield and Goodwin seek prospective injunctive relief and declaratory relief, but neither seeks reversal of the discipline alleged in the Third Amended Complaint or identifies what they want the Court to declare. [TAC, pp. 17, 18.]

12

constituted retaliation for Murphy's exercise of his free speech rights, including alleged "whistleblowing."[10] [TAC, ¶ 10.] However, Murphy offers no factual support connecting his alleged speech and the denial of his request to purchase his weapon. Absent facts showing that the speech was a "substantial or motivating factor" for the denial, the claim fails. *See Konarski v. Rankin*, 603 F. App'x 544, 546 (9th Cir. 2015) (affirming dismissal of Section 1983 claim where plaintiffs "have not pled facts plausibly indicating that the silence they received from city officials was retaliatory in nature"); *Lewallen v. Home Depot USA, Inc.*, No. CV 11-01639-PHX-NVW, 2012 WL 3002512, at *3 (D. Ariz. July 23, 2012) (dismissing Title VII claim where plaintiff did not allege "specific facts" supporting her claim that supervisors retaliated against her). *See also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, the Third Amended Complaint does not allege that Plaintiff Murphy engaged in protected speech. For the purposes of a First Amendment retaliation claim, speech is considered protected only when it is made as a private citizen, not as a public employee. *See Marable v. Nitchman*, 511 F.3d 924, 929 (9th Cir. 2007). "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Alaska v. EEOC*, 564 F.3d 1062, 1070 (9th Cir. 2009) (quotation omitted). This is true "even when the subject of an employee's speech is a matter of public concern." *Ross v. Breslin*, 693 F.3d 300, 305 (2d Cir. 2012). Murphy contends that, while employed as a Sergeant with the ASU PD, he complained to his superiors about insufficient training for officers and about investigations that he was required to conduct. [TAC, ¶¶ 9, 10.] Murphy does not allege that he made these statements as a private citizen rather than pursuant to his employment responsibilities within

---

[10] The Second Amended Complaint did not allege that Plaintiff Murphy had engaged in any protected speech or that the denial of his request to purchase his weapon constituted retaliation for whistle-blowing. Instead, Murphy included this allegation among other grievances relating to his employment that were not tied to a particular claim for relief. [*See* Doc. 10, ¶¶ 99-103.]

13

the ASU PD. Accordingly, Murphy has not alleged that his speech was protected. *See Couch v. Cate*, 379 F. App'x 560, 562–63 (9th Cir. 2010) (holding that for a retaliation claim to withstand a motion to dismiss, public employees must "identify [in the complaint] the speech that they made in their capacities as private citizens (i.e., outside their official duties)").

Finally, the Ninth Circuit has defined an "adverse employment action" as "any action 'reasonably likely to deter employees from engaging in protected activity.'" *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004) (*quoting Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000)). The sole retaliatory act that Murphy alleges is that Thompson and Hardina refused to permit Murphy to purchase his service weapon upon his retirement. As it is not plausible that this refusal would deter employees from engaging in protected activity, Murphy has not alleged an "adverse employment action."

### F. Count 8: Plaintiff O'Hayer Fails to State a Plausible Disability Discrimination Claim Against ABOR.

Plaintiff O'Hayer seeks an award of compensatory and general damages and unstated injunctive relief from ABOR pursuant to the federal Rehabilitation Act, 29 U.S.C. 794 and 794a. As a threshold matter, the claim is barred on the face of the Third Amended Complaint by the two-year statute of limitations set forth in A.R.S. § 12–542. *See Madden-Tyler v. Maricopa Cty.*, 189 Ariz. 462, 469, 943 P.2d 822, 829 (Ct. App. 1997) (holding that Rehabilitation Act claims are subject to Arizona's statute of limitations for personal injury actions). Plaintiff O'Hayer alleges that he retired from the ASU PD on June 20, 2014, more than two years prior to the filing of the Third Amended Complaint. [TAC, ¶ 14.] O'Hayer's Rehabilitation Act claim does not relate back to any earlier-filed pleading under Fed. R. Civ. P. 15(c), because his three prior pleadings did not put ABOR on notice of a potential Rehabilitation Act claim.[11] *See SEC v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir.1982)

---

[11] The allegations with respect to Plaintiff O'Hayer in the Second Amended Complaint (Doc. 10) are found in paragraphs 5, 58, 65-84. While those twenty-two paragraphs contain a single passing reference to "disability issues," they do not suggest that O'Hayer suffered discrimination or retaliation based on an alleged disability or request for accommodations.

14

("The basic inquiry is whether the opposing party has been put on notice about the claim or defense raised by the amended pleading."). For that reason alone, the claim fails.

Plaintiff O'Hayer has also failed to alleged facts sufficient to state a claim of discrimination or retaliation under the Rehabilitation Act. To state such a claim, a plaintiff must demonstrate that (1) he has a disability, (2) he is otherwise qualified for employment, and (3) he suffered discrimination because of the disability. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (*citing Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1058 (9th Cir. 2005)). O'Hayer alleges that during the two-month period during which he was disabled and required accommodations, wrongful conduct was directed toward him, including an "illegal investigation," alteration of his training records, calls at home, and "being ignored and not responded to" by superiors. [TAC, ¶¶ 13, 15.] However, O'Hayer does not allege any facts that plausibly connect his disability and request for accommodations to the conduct alleged.

Moreover, no Rehabilitation Act claim arises in the absence of an adverse employment decision. *See Schlosser v. Potter*, 248 F. App'x 812, 817 (9th Cir. 2007) (noting that to state a Rehabilitation Act claim, "there must be some adverse effect on the employee's work or status"). O'Hayer does not allege that any of the conduct he identifies had any adverse impact on his employment. To the contrary, O'Hayer specifically alleges that his injury forced him to retire. [TAC, ¶ 14.] Accordingly, O'Hayer's Rehabilitation Act claim fails. *See id.* (dismissing Rehabilitation Act claim based solely on alleged harassing phone calls where plaintiff failed to allege employment consequences from the phone calls).

Finally, it is settled that injunctive relief under the Rehabilitation Act becomes moot where the plaintiff has resigned from employment. *See Buckingham v. United States*, 998 F.2d 735, 738 (9th Cir. 1993) (holding that injunction became moot and had to be dissolved upon appellant's resignation from defendant's employment). As O'Hayer has alleged that his disability forced him to retire from the ASU PD, he is not entitled to seek injunctive relief.

### G. Counts 9 and 10: Plaintiff Parker Fails to State First Amendment Retaliation and Public Records Act Claims against Scichilone, Thompson and ABOR.

Plaintiff Parker attempts to state a First Amendment retaliation claim under Section 1983 by relying on a disconnected series of events:

- Parker engaged in union activities as an ASU PD employee between 2008 and 2014 that caused disputes with "the Chief" and Defendant Scichilone [TAC, ¶¶ 26, 27];
- Parker left the ASU PD in January 2014, and was hired by the Arizona Attorney General, which required him to disclose the number of internal investigations to which he had been subject while at the ASU PD [*Id.*, ¶¶ 28, 29];
- The Attorney General later requested information from the ASU PD regarding internal investigations involving Parker, and Defendant Scichilone reported more internal investigations than Parker had disclosed [*Id.*, ¶¶ 22, 29];
- Defendant Scichilone allegedly mispresented the internal investigations to the Attorney General in retaliation for the union activities in which Parker had engaged years earlier when he worked at the ASU PD [TAC, ¶ 36]; and
- After Parker left his position with the Attorney General because of an injury (not because of the report by ASU PD to the Attorney General), the Attorney General reported to AZPOST (the Arizona Peace Officer Standards and Training Board) that Parker was ineligible for rehire because Parker had mispresented the number of ASU PD internal investigations when he originally applied to the Attorney General. [TAC, ¶ 29.]

Taken together, these allegations do not add up to a plausible retaliation claim against Scichilone or Thompson. There is not a single factual allegation that connects Parker's alleged union activities while employed with the ASU PD to Scichilone's supposed response to the Attorney General's inquiry long after Parker's departure. And, the alleged harm – the Attorney General's report to AZPOST and AZPOST's subsequent decertification proceedings – are far too distant from Scichilone's alleged conduct to state a plausible claim.

16

1 Further, Defendant Thompson is not even mentioned in Parker's allegations. Parker alleges
2 only that "the Chief" was hostile toward his union activity. [TAC, ¶ 26.] Parker does not
3 state when the union activity occurred, identify the Chief at the time of that activity, or allege
4 that Thompson was involved in the alleged retaliation.

5 Parker's attempt to assert a claim under the Arizona Public Records Act is equally
6 flawed. A.R.S. § 39–121.02(A) provides that when a person has been denied access to public
7 records, he "may appeal the denial through a special action in the superior court, pursuant to
8 the rules of procedure for special actions against the officer or public body." *See also Lake v.*
9 *City of Phoenix*, 222 Ariz. 547, 551, 218 P.3d 1004, 1008 (2009) (holding that superior court
10 was required to decide public records issue "so long as Lake's special action complied with
11 the applicable procedural rules"). Parker's attempt to assert a public records claim in this
12 Court is inconsistent the Arizona Public Records Act statute – a supplemental claim in
13 federal District Court is not a special action in Superior Court and will not be governed by
14 the state rules of procedure for special actions. *See, e.g.*, *Misischia v. Pirie*, 60 F.3d 626, 631
15 (9th Cir. 1995) ("A litigant cannot use supplemental jurisdiction to have a federal judge
16 instead of a state judge perform the judicial review of a state administrative agency decision
17 which the state statute assigns to a state court."). The claim should therefore be dismissed.

18 Further, Plaintiffs have admitted that they failed to serve a Notice of Claim prior to
19 filing this action. [*See* Order, p. 4.] Accordingly, Plaintiff Parker is precluded from seeking
20 damages from ABOR on his public records claim. *See Deer Valley Unified Sch. Dist. No. 97 v.*
21 *Houser*, 214 Ariz. 293, 294, 152 P.3d 490, 491 (2007) ("Before initiating an action for
22 damages against a public entity, a claimant must provide a notice of claim to the entity in
23 compliance with Arizona Revised Statutes (A.R.S.) section 12–821.01 (2003)."). As this
24 Court previously noted, the failure to timely serve a Notice of Claim is fatal to any claim for
25 damages arising out of state law. [Order, p. 4.][12]

---

[12] If Plaintiff Parker's deficient Section 1983 claim, the only federal law claim to which his public records claim is factually related, is dismissed, the Court should decline to exercise supplemental jurisdiction over the public records claim. *See Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096–97 (N.D. Cal. 2015) (holding that upon dismissal of all federal claims, "[t]he balance of factors in this case points in favor of also dismissing

17

**IV.     Conclusion.**

Plaintiffs' Third Amended Complaint complies with this Court's Order only to the limited extent of identifying the specific plaintiffs and defendants for each claim. However, Plaintiffs have still failed to plead a single claim that is cognizable under state or federal law. Plaintiffs' Third Amended Complaint should be dismissed with prejudice. Plaintiffs have now had four opportunities to state a claim. They are not entitled to a fifth.

RESPECTFULLY SUBMITTED this 14th day of October, 2016.



COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
   Attorneys for Defendants

By:   */s/   Rebecca van Doren*
       Daniel G. Dowd
       Rebecca van Doren
       Lauren M. Koloseike

---

Plaintiff's remaining state law claims. Specifically, this case has yet to proceed beyond the pleadings, and there has been no discovery conducted to date. Few judicial resources are wasted by dismissing the case at this stage, and dismissal promotes comity by allowing the California courts to interpret state law in the first instance").

18

# CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System. I further certify that the attached document was sent via electronic mail and U.S. Mail to the following:

Charles Cornfield
14810 N. 63rd Ave.
Glendale, AZ  85306
E-mail: flakes@cox.net

Benjamin Robert Flynn
1111 N. 64th St., Unit 9
Mesa, AZ  85205
E-mail: BRFlynn@gmail.com

Alexander Goodwin
9332 E. Olla Ave.
Mesa, AZ  85212
Ee-mail: Alex.J.Goodwin@hotmail.com

Bernard Linser
4053 E. Hopi Ave.
Mesa, AZ  85206
E-mail: Budlinser@yahoo.com

Matthew Mansfield
1770 E. Chaparral Drive
Case Grande, AZ  85122
E-mail: Matthew.L.Mansfield@gmail.com

Patrick Murphy
10610 S. 48th St. #2106
Phoenix, AZ  85044
E-mail: pjmurphy7@cox.net

Matthew V. Parker
530 E. McDowell Rd. #107-217
Phoenix, AZ  85004-1500
E-mail: Matthew.V.Parker@gmail.com

William J. O'Hayer
13009 S. 37th St.
Phoenix AZ  85044-3878
E-mail: WJOHayer@gmail.com

By: */s/    Toni Patino*