# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Cornfield, Benjamin Robert Flynn, Bernard Linser, Matthew Mansfield, William J. O'Hayer, and Matthew V. Parker,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Board of Regents, a body politic and agency of the State of Arizona, Michael Thompson, James Hardina, and Louis Scichilone,<br><br>Defendants. | Case # 2:16-CV-924-PHX-ROS<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT |

Pro Per Plaintiffs Charles Cornfield, Benjamin Robert Flynn, Bernard Linser, Matthew Mansfield, William J. O'Hayer, and Matthew V. Parker, and David W. Dow, individually and collectively respond in opposition to the Defendants' "Motion to Dismiss Third Amended Complaint" (dkt. #32) (hereinafter referred to as "MTD"). Note: Plaintiffs Alexander J. Goodwin and Patrick Murphy are no longer parties to this action since filing their Notices of Dismissal of their respective claims on October 26, 2016 (dkt. #33 & 34).

## 1. Applicable Standards for a FRCP Rule 12(b)6 Motion

To survive a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6), the Plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). Allegations of specific facts in the Complaint are presumed to be true for Rule 12(b)(6) purposes. *Lee v. City of Los Angeles*, 250 F. 3d 668, 681 (9th Cir., 2001). *Henry A. v. Willden,* 678 F. 3d 991, 998 (9th Cir., 2012) ("We review de novo the district court's decision to grant Defendants' motion to dismiss under Rule 12(b)(6). *ASW,* 424 F.3d at 974. "We accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party. *Id*".)

The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).

In resolving a motion to dismiss under Rule 12(b)(6), the standard at this stage of the litigation is not that Plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." *Starr v. Baca,* 652 F. 3d 1202, 1216-1217 (9th Cir., 2011). As the Supreme Court wrote in *Twombly,* FRCP Rule 8(a) "*does not impose a probability requirement at the pleading stage;* it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. Id.

Because of the high standard required for dismissal at the initial pleading stage, Rule 12(b)(6) motions to dismiss are disfavored. *Durning v.*

*First Boston Corp.*, 815 F. 2d 1265, 1269 (9th Cir., 1987). *Williams v. Gorton,* 529 F. 2d 668, 672 (9th Cir., 1976).

If the Court does determine that the Complaint (or a claim therein) fails to state a claim for relief under the standard of Rule 12(b)(6), then the Court should state what deficiency(s) it has found and give the Plaintiff leave to amend to cure the defect(s) unless such leave would be futile. *Moss v. U.S. Secret Service*, 572 F. 3d 962, 972 (9th Cir. 2009).

### 2. Declaratory Relief is available for Plaintiffs Linser and Mansfield since they are still employed by the Defendants

The Defendants (hereinafter collectively referred to as "ASU") first argue in sec. 2(A) of their MTD that none of the Plaintiffs may recover declaratory relief. ASU makes a confusing and incorrect arguments because (A) it combines its arguments against declaratory relief with those against injunctive relief, and then (B) cites cases which are inapplicable to the Plaintiffs' TAC wherein the Plaintiffs seeking declaratory relief all will benefit from declaratory relief if their respective claims are proven, infra.

ASU begins with footnote 2 in which they argue that the Third Amended Complaint ("TAC") must specify exactly what declaratory or injunctive relief is sought. **First,** ASU cites no authority for such an argument. **Second**, a count for a declaratory judgment "is not cognizable as a separate cause of action, but is more properly included in the [ ] prayer for relief." *Bridges v. Blue Cross & Blue Shield Ass'n,* 935 F. Supp. 37, 45 (D.D.C.,1996). More importantly, "the Declaratory Judgment Act 'is not an independent source of federal jurisdiction' " but only "presupposes the existence of a judicially remediable right." *C&E Servs., Inc. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir., 2002), quoting *Schilling v. Rogers,* 363 U.S. 666, 677,

- 4 -

80 S. Ct. 1288, 4 L.Ed. 2d 1478 (1960). **Third,** in the context of a Rule 12(b)(6) motion, the test is whether the facts which are plead could support declaratory or injunctive relief, not what specific declaratory relief or injunctive relief is sought. See section 1 supra. *Arley v. Union Pacific Insur. Co.*, 379 F. 2d 183, 186-187 (9th Cir., 1967). *Valley Community Bank v. Progressive Casualty Insur. Co.*, 854 F. Supp. 2d 697, 712 (N.D. Cal., 2012) ("A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties under a written instrument or with respect to property and requests that the rights and duties of the parties be adjudged by the court.").

ASU neglects to cite the Declaratory Judgment Act, which states in pertinent parts:

28 U.S.C. § 2201. Creation of remedy
(a) In a case of actual controversy within its jurisdiction, . . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, **whether or not further relief is or could be sought**. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (emphasis added)

28 U.S.C. § 2202. Further relief
Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

In *Moreno v. Hendel*, 431 F. 2d 1299, 1309 (5th Cir., 1970), an action for relief under 42 U.S.C. 1983, the Court stated:

The City of San Antonio's immunity from liability of damages, however, does not affect the declaratory and injunctive relief, nor the possible liability of the individual defendants. We follow Zwickler in holding that the district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction. Should the appellant's prayer for declaratory relief prevail, it will be the task of the district court on remand to decide whether an injunction will be necessary or appropriate.

The Plaintiffs seek declaratory judgment relief for Counts Two, Three, Five, Six, and Nine only.

In Count Two, former ASU police officer Plaintiff Cornfield seeks declaratory relief on his 42 U.S.C. 1983 claim to clear his reputation ('name clearing"), and to enable him to seek re-employment in the law enforcement field, after being constructively discharged.

In Count Three, former ASU police officer Plaintiff Flynn also seeks declaratory relief on his 42 U.S.C. 1983 claim to clear his reputation ('name clearing"), and to enable him to seek re-employment in the law enforcement field, after being falsely accused of and investigated for misconduct.

In Count Five, current ASU Police Dept. employee Linser also seeks declaratory relief on his 42 U.S.C. 1983 claim to clear his reputation ('name clearing"), and to enable him to seek other employment in the law enforcement field, after being falsely accused of and investigated for misconduct, effectively destroying his career and reputation at ASU.

In Count Six, current ASU police officer Mansfield has alleged retaliation by Defendant Police Chief Thompson for refusing to return to active membership in the LDS church through a series of adverse actions, in violation of 42 U.S.C. 1983. Declaratory relief is necessary to prove that such adverse employment actions were unjustified and to clear his employment record of such actions.

In Count Nine, former ASU police officer Parker seeks declaratory relief to correct his ASU personnel records because of retaliatory false and incorrect adverse statements therein which have already caused him substantial damages and limited his employment opportunities.

### 3. Injunctive Relief is Available for all six (remaining) Plaintiffs

ASU begins with footnote 2 in which they argue that the Third Amended Complaint ("TAC") must specify exactly what injunctive relief is sought. **First,** ASU cites no authority for such an argument. **Second,** injunctive relief is a remedy, not a discrete or separate free-standing cause of action which may be the subject of a Rule 12(b)(6) motion. Therefore the test on a Rule 12(b)(6) motion is whether or not, based upon the facts plead, injunctive relief may be available if the underlying claim is proven. Even if such claim (as plead) would not entitle the Plaintiff to injunctive relief, a dismissal under Rule 12(b)(6) would not be appropriate as to the claim itself (for which other relief may be available. See *Carey v. Piphus*, 435 U.S. 247 (1978).

**Third,** the Plaintiffs are seeking injunctive relief pursuant to statutes that expressly provide for such relief:

Count One: A.R.S. 41-1481(G)

Counts Two, Three, Five, Six, and Nine: 42 U.S.C. 1988 (Injunctive relief is available for violations of 42 U.S.C. 1983.

Count Eight: 29 U.S.C. 794a(a)(2)

Count Ten: A.R.S. 39-121.01(A) (Stating that relief for violation is through a special action petition in the Superior Court; special actions are primarily for injunctive relief-see A.R.S. Rules of Procedure for Special Actions, Rule 1)

**Fourth,** based upon the Plaintiffs' various claims, appropriate injunctive relief may include re-hire and reinstatement with back play and lost benefits, purging personnel files of false and derogatory information and/or retaliatory actions by the Defendants, and other steps necessary to repair harm to the Plaintiffs' reputations done by actions of the Defendants alleged

in the TAC.

### 4. Plaintiff Cornfield: Count One-Age Discrimination, A.R.S. 41-1463(B)(1)

The Defendants' first argument for dismissal of Plaintiff Cornfield's state law claim of age discrimination under the Arizona Civil Rights Act ("ACRA"), A.R.S. 41-1461 et seq., is that it was dismissed with prejudice, citing the Order filed July 21, 2016 (dkt. #21), sec. II, at pg. 4, lines 10-21, because Cornfield did not file a timely notice of claim pursuant to A.R.S. 12-821.01(A). MTD, dkt. #32m pg. 6, line 24 to pg. 7, line 12.

First, while the Court did dismiss this claim without leave to amend, it did not dismiss with prejudice. Order, supra.

Second, Cornfield hereby seeks an order granting relief from the dismissal without leave to amend with respect to his age discrimination claim, pursuant to both Federal Rules of Civil Procedure ("FRCP") Rules 54(b)(last sentence) and 60(b)(subsecs. 1 and/or 6) and/or LRCiv Rule 7.2(g), which would vacate the portion of the prior Order dismissing his state law age discrimination <u>with prejudice</u> so that his TAC may (continue to) include this claim as Count One, for the reasons stated below:

A. While Cornfield has conceded that he did not file a timely notice of claim for this statutory state law discrimination claim, he has alleged that he filed a timely charge with the Arizona Civil Rights Division as required by A.R.S. 41-1481(A) TAC, dkt. #24, paragraph 19. He then filed his original Complaint within one year of the accrual of his claim for age discrimination as required by A.R.S. 12-821 and A.R.S. 41-1481(D). Id.

B. Cornfield seeks only injunctive relief for this age discrimination claim, not money damages. TAC, pg. 16, lines 21-23. A claim for age

- 8 -

discrimination under the Arizona Civil Rights Act provides for only injunctive relief. A.R.S. 41-1481(G). *Civil Rights Division v. Superior Court*, 146 Ariz. 419, 424-425, 706 P. 2d 745, 750-751 (App., 1985) (rev. den., 1985).

C. Reinstatement with back pay is injunctive relief, not a claim for damages. Id. The ACRA is modeled after federal employment discrimination acts and therefore federal case law construing such acts is highly persuasive. *Kyles v. Contractors/Engineers Supply, Inc.*, 190 Ariz. 403, 405, 949 P. 2d 63, 65 (App., 1997). Federal law in employment discrimination cases is clear that back pay and front pay are injunctive relief, not money damages. *Pollard v. E.I. duPont de Nemours & Co.*, 532 U.S. 843 (2001). *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975). *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F. 3d 493, footnote 14 (9th Cir., 2000).

D. A claim for injunctive relief against the State, as opposed to a claim for money damages, is not subject to the notice of claims statute. *State v. Mabery Ranch Co, LLC*, 216 Ariz. 233, 165 P. 3d 211, paragraphs 45-53 (App., 2007). The Defendants cite no authority for their argument that ACRA claims are subject to the notice of claims provision in A.R.S. 12-821.01(A). As a practical matter, the purpose of the notice of claims requirement is completely satisfied by the early notice requirement of ACRA which happens to be 180 days, the same statute of limitations as for filing charges under ACRA, A.R.S. 41-1481(A).

E. Even if the notice of claims requirement applied to ACRA claims, that requirement was tolled during the entire period that Cornfield's age discrimination charge was pending before the Arizona Civil Rights Division, pursuant to A.R.S. 12-821.01(C).

These arguments, A through E supra, were not previously presented to the Court as the result of the incompetence of the Plaintiffs' prior counsel, David W. Dow. Dkt. #17.

Finally, there is supplemental jurisdiction for this Court because Cornfield is also a Plaintiff in Count Two (along with Plaintiffs Linser and Flynn) which is a claim under 42 U.S.C. 1983.

### 5. Plaintiffs Cornfield, Linser and Flynn:
### Counts Two, Three and Five:
### 42 U.S.C 1983, Retaliation for Perceived Exercise of Free Speech

The Defendants argue that these identical but separate claims for 42 U.S.C. 1983 relief must be dismissed because these Plaintiffs have failed to allege any adverse employment action, which is an element of proof of their claims. *Coszalter v. City of Salem*, cited by the Defendants at MTD pg. 10, lines 1-2.

The facts alleged in the TAC in support of these three claims are set forth in paragraphs 20-25:

20. In and before August, 2014, and continuing through 2015, there was an internet blog which was popular among the ASU community which included many comments by anonymous bloggers about public safety on the ASU campus and specifically the ASU PD, some of which were critical. That website is: "the Blog"

21. The disclosures on the blog did not violate any laws, but did include criticism of public officials.

22. Thompson was very angry about the blog because it included comments that were critical of the ASU PD and it appeared that some were "inside information".

23. Chief Thompson contacted the Arizona Department of Public Safety and arranged for that agency to conduct an investigation to determine whether **Cornfield, Linser,** or **Flynn** had contributed to this blog. The Flynn investigation occurred in August, 2014, and the Cornfield and Linser internal investigations occurred in March, 2015.

- 10 -

24. As the result of this investigation, the three Plaintiffs had to endure unwarranted internal investigations which they reasonably believed might have been criminal investigations as well and questioning which were conducted in violation of their rights under A.R.S. 33-1104 and 1105. They suffered emotional distress and worry about their jobs and reasonably believed that they were suspected by Thompson of being "malcontents".

25. These internal investigations had a chilling effect on these three Plaintiffs rights of free speech, making them refrain from future protected speech on matters of public concern about ASU and the ASU PD.

The Ninth Circuit recently broadened the definition of "adverse employment action" in the context of police officers' seeking 42 U.S. C. 1983 relief in *Dahlia v. Rodriguez*, 735 F. 3d 1060, 1078-1079 (9th Cir., 2013) (en banc):

> "To constitute an adverse employment action, a government act of retaliation need not be severe and it need not be of a certain kind. Nor does it matter whether an act of retaliation is in the form of the removal of a benefit or the imposition of a burden." *Coszalter v. City of Salem,* 320 F.3d 968, 975 (9th Cir.2003). In *Coszalter,* we said that, in First Amendment retaliation cases, "[t]he goal is to prevent, or redress, actions by a government employer that 'chill the exercise of protected' First Amendment rights." *Id.* at 974–75 (quoting *Rutan v. Republican Party of Ill.,* 497 U.S. 62, 73, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990)). Therefore, we held that the proper inquiry is whether the action is "reasonably likely to deter employees from engaging in protected activity." *Id.* at 976 (internal quotation marks omitted); *see also id.* (holding that "if the plaintiffs in this case can establish that the actions taken by the defendants were 'reasonably likely to deter [them] from engaging in protected activity [under the First Amendment],' they will have established a valid claim under § 1983" (alterations in original)).
>
> . . . . . . .
>
> Dahlia made other allegations of conduct that may also constitute an adverse employment action. "Various kinds of employment actions may have an impermissible chilling effect. Depending on the circumstances, even minor acts of retaliation can infringe on an employee's First Amendment rights." *Id.* at 975. Dahlia alleged that Rodriguez threatened to "put a case" on him and to put him "in jail." These threats, if true, were **made with the specific purpose of chilling Dahlia's speech, and they appear "reasonably likely to deter" employees from speaking about misconduct observed** within the BPD. Indeed, if it is true that Dahlia did not disclose what he knew when interviewed by IA, the chilling effect was *in fact* achieved, albeit for a limited time. . . . .With further factual development, the same might also be true of the ongoing harassment and threats that Dahlia suffered from Rodriguez, Penaranda and other officers.

- 11 -

> We note that in the Title VII context—from which the *Coszalter* standard is derived—courts have found that far less serious actions were sufficient to deter a reasonable employee from engaging in protected speech. . . . . .Threats to put someone in jail or that cause an employee to fear for his own safety easily exceed the "reasonably likely to deter" standard. Construing the allegations in the light most favorable to Dahlia, we conclude that he has sufficiently stated that he suffered adverse employment actions.[24]
>
> <u>Footnote 24 states:</u>
>
> . . . . . . although much of the alleged harassment preceded Dahlia's ultimate disclosure to LASD, such chronology does not necessarily weigh against a finding that the harassment was an adverse employment action meant to discourage Dahlia from reporting the misconduct to others. In other words, **insofar as the harassment was intended to chill Dahlia's protected speech, it may qualify as an adverse employment action.** *See, e.g., Allen v. Scribner,* 812 F.2d 426, 434 n. 17 (9th Cir.) (noting in a First Amendment § 1983 retaliation case that a valid claim can be stated "[w]here comments of a government official can reasonably be interpreted as intimating that some form of punishment or adverse ... action will follow the failure to accede to the official's request [that the employee curtail his first amendment rights]" (second alteration omitted in original) (internal quotation marks omitted)), *amended,* 828 F.2d 1445 (9th Cir.1987).
>
> (emphasis added)

Under the standard for adverse employment action set forth in *Dahlia, supra,* the Plaintiffs suffered an adverse employment action. TAC paragraphs 24 and 25 supra.

In the cases cited by the Defendants, there was nothing more than an investigation by the employer which may have been justified, with no allegations of emotional distress or causing a chilling effect on free speech. For example, in *Higdon v. Mabus*, 5 F. Supp. 3d 1199, 1212 (S.D. Cal., 2014), the only adverse employment action alleged was an investigation into purchasing mistakes that were in fact made by the plaintiff: "An investigation and putting a hold on Plaintiff's credit card due to her mistakes in her purchasing duties do not constitute a materially adverse employment action."

Finally, although this issue was not raised by the Defendants, whether or not the Plaintiffs actually did engage in the protected speech which caused the retaliation is irrelevant so long as the public employer Defendants

believed that they did and had an intent to retaliate. *Heffernan v. City of Paterson, New Jersey,* ___U.S. ___, 136 S. Ct. 1412 (2016).

### 6. Plaintiff Mansfield: 42 U.S.C. 1983 -Violation of First Amendment Right of Exercise of Religion

The fact allegations supporting this claim are set forth in TAC paragraphs 37-45 which are incorporated herein by reference. These facts include conduct that constitutes retaliation in violation of 42 U.S.C. 1983 (employer's reactions to Mansfield's refusal to return to the LDS church).

The Defendants first argue that where an employer engages in religious discrimination, the employee's sole remedy is Title VII, 42 U.S.C. 2000e-2, and when a public employer commits religious discrimination, the employee cannot be granted relief for such discrimination under 42. U.S.C. 1983. The Defendants are wrong for two reasons:

(A) Relief for Title VII discrimination by a public employer may be granted on a claim under 42 U.S.C. 1983. *Roberts v. College of the Desert,* 870 F. 2d 1411, 1415-1416 (9th Cir., 1988). The *Learned* case cited by the Defendants (MTD at pg. 11, line 21) on this point is based upon *Novotny*, a Supreme Court decision stating that 42 U.S.C. 1985(3) relief is not available when the claim also falls within Title VII, but Novotny makes no mention of 42 U.S.C. 1983, nor does it even mention, much less overrule *Roberts*.

(B) When Mansfield was singled out for discrimination when he refused Chief Thompson's exhortations to return to the LDS church after he had left it, there were also violations of Mansfield's constitutional rights to both equal protection and free exercise of religion for which he may seek relief as to both rights, inter alia, under 42 U.S.C. 1983. *Roberts*, supra. *Stilwell v. City of Williams,* 831 F. 3d 1234 (9th Cir., 2016). *Zozaya v. State*

of Arizona, 2013 WL 2242651, footnote 2 (D. Ariz., May 21, 2013) (case #2:12 CV 1932 PHX DGC).

### 7. Plaintiff O'Hayer: Count Eight – Disability Discrimination and Retaliation in violation of the Rehabilitation Act, 29 U.S.C. 794 and 794a

The facts supporting this claim are set forth in TAC paragraphs 13 through 15 which are incorporated herein by reference. (Note: By error, the TAC has two paragraphs consecutively numbered 13 at pgs. 5-6.) O'Hayer seeks relief for discrimination he suffered because of his disability for two months, from April, 2014 until he was forced to retire on June 20, 2014.

These paragraphs clearly state sufficient facts to prove both disability discrimination and retaliation in violation of the Rehabilitation Act. The adverse employment action requirement for retaliation is satisfied by TAC paragraph 15. See *Dahlia v. Rodriguez*, pgs. 11-12 supra.

The Defendants argue that the two-year statute of limitations (*Madden-Tyler v. Maricopa County*, 189 Ariz. 462, 467-468, 943 P. 2d 822, 827-828 (App., 1997) (rev. den., 1997) for Rehabilitation Act claims bars this claim. However, the prior Complaints in this action all alleged disability discrimination against O'Hayer, beginning with the original Complaint filed in the Maricopa County Superior Court prior to April, 2016, dkt. #1, setting forth facts constituting a violation of the Rehabilitation Act although those Complaints did not specifically refer to the Rehabilitation Act. Therefore this claim relates back pursuant to FRCP Rule 15(c)(1) and is not time barred by the two-year statute of limitations.

The Defendants argue that, since O'Hayer has retired, injunctive relief is no longer available. O'Hayer concedes this point, but he may still recover

lines 13-18.

### 8. Plaintiff Parker: Counts Nine and Ten - 42 U.S.C. 1983, Free Speech Retaliation, and Violation of Arizona Public Records Act

The Defendants allege that Count Nine must be dismissed because Parker has not alleged that his free speech (union leadership) activities were the cause of the adverse employment action alleged. They are wrong. <u>First</u> such a causal connection is alleged in TAC paragraph 36. <u>Second</u>, a conclusory allegation of a causal connection is not necessary if such a connection can be inferred from the facts alleged (TAC paragraphs 28-35). *Third,* the evidence of such a causal connection is an issue for later summary judgment proceedings if the Defendants deny such a causal connection, rather than an issue to be resolved in Rule 12(b)(6) proceedings.

The Defendants argue that Count Ten, a special action under Arizona law for relief under the Arizona Public Records Act must be dismissed because (1) this Court has no jurisdiction to resolve an Arizona special action, and (2) Parker has not complied with the notice of claim requirement in A.R.S. 12-821.01(A). They are wrong on both points.

First, a special action is just like any other civil complaint in the Superior Court and this Court may exercise supplemental jurisdiction under 28 U.S.C. 1367 when the requirements of that statute are met. See, e.g., *Abendano v. Town of Hayden,* 2014 WL 3926806 (D. Ariz., August 12, 2014) (case # CV 14 1104 PHX DGC). Those requirements are in the instant case, as Parker's Counts Nine and Ten are factually intertwined.

Second, Parker's claim under the Arizona Public Records is for special action injunctive relief, not money damages, and is not subject to the notice of claims statute. The Defendants cite no authority that the notice of claims

of claims statute. The Defendants cite no authority that the notice of claims statute applies to this type of claim. The notice of claims statute does not apply for the same reasons it does not apply to the ACRA; see section 4 supra.

### 9. Conclusion

Based upon the foregoing, the Plaintiffs respectfully request an order denying the Defendants/ASU's MTD. If the Court does determine that any of the claims in the TAC fail to state a claim for relief under the standard of Rule 12(b)(6), then the Court should state what deficiency(s) it has found and give the Plaintiffs leave to amend to cure the defect(s) unless such leave would be futile. *Moss v. U.S. Secret Service*, 572 F. 3d 962, 972 (9th Cir. 2009). The undersigned Plaintiffs are painfully aware that their prior counsel, David W. Dow, was grossly negligent and disregarded prior admonishments from the Court (in this and other cases) in representing them, and in particular, in his drafting their original, First Amended, and Second Amended Complaints. See Order, dkt. #21. They first discovered this incompetence when they saw the Court's Order filed on July 21, 2016, dkt. #21. Since that time, they have terminated Mr. Dow, and are still in the difficult process of seeking new counsel. Because of Mr. Dow's failings, the undersigned Plaintiffs urge the Court not to deny leave to amend (if necessary) because the Court has already granted leave to amend in the past which did not cure the defects in the prior Complaint(s).

. . . . . . . .

. . . . . . . .

. . . . . . . .

. . . . . . . .

- 16 -

Signed this 31st day of October, 2016.

_____
Charles Cornfield (Plaintiff)

_____
Benjamin Robert Flynn (Plaintiff)

_____
Bernard Linser (Plaintiff)

_____
Matthew Mansfield (Plaintiff)

_____
William J. O'Hayer (Plaintiff)

_____
Matthew V. Parker (Plaintiff)

Copy of this Response mailed this 31st day of October, 2016, to:

Daniel G. Dowd, Attorney at Law
Cohen Kennedy Dowd & Quigley, P.C.
2425 East Camelback Road, Suite 1100
Phoenix, AZ 85016-9207

By: _____
Matthew V. Parker

1  Charles Cornfield (Plaintiff Pro Per)
   14810 N. 63rd Ave.
2  Glendale, AZ 85306
3  phone: 602-547-5995
   e-mail: flakes@cox.net
4

5  Benjamin Robert Flynn (Plaintiff Pro Per)
6  1111 N. 64th St., Unit 9
   Mesa, AZ 85205
7  phone: 480-343-1917
8  e-mail: BRFlynn@gmail.com

9
10 Bernard Linser (Plaintiff Pro Per)
   4053 E. Hopi Ave.
11 Mesa, AZ 85206
12 phone: 602-733-1369
13 e-mail: Budlinser@yahoo.com

14
   Matthew Mansfield (Plaintiff Pro Per)
15 1770 E. Chaparral Drive
   Case Grande, AZ 85122
16 phone: 480-603-5179
17 e-mail: Matthew.L.Mansfield@gmail.com

18
   Matthew V. Parker (Plaintiff Pro Per)
19 530 E. McDowell Rd. #107-217
20 Phoenix, AZ 85004-1500
21 phone: 570-604-5686
   e-mail: Matthew.V.Parker@gmail.com
22

23 William J. O'Hayer (Plaintiff Pro Per)
24 13009 S. 37th St.
   Phoenix AZ 85044-3878
25 phone: 480-822-9127
26 e-mail: WJOHayer@gmail.com3333

409922